IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rachel Hall o/b/o John F. Hall, | ) | C/A No. 9:08-3440-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | **ORDER** |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, John F. Hall,[1] brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383c.

The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. The Magistrate Judge provides a detailed discussion of the undisputed and relevant medical evidence and the standards of law which this court incorporates without a recitation.

The parties were advised of their right to submit objections to the Report and

---

[1] The pleadings in this case are signed by Rachel Hall, acting under a power of attorney for her son, John F. Hall, who is referred to herein as the "plaintiff."

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

Recommendation which was filed on December 3, 2009. The plaintiff has filed objections to the Report and the Commissioner has replied to plaintiff's objections.

PROCEDURAL HISTORY

The plaintiff applied for DIB and SSI on April 30, 2004 alleging disability as of June 15, 1999 due to obsessive-compulsive disorder (OCD), attention-deficit hyperactivity disorder (ADHD), bipolar disorder, and seizures. The plaintiff was 23 years old when he alleges he became disabled. He has a tenth grade education with past relevant work experience as a tow truck driver and a set-up technician.

The plaintiff's DIB and SSI applications were denied initially and on reconsideration. The Administrative Law Judge (ALJ) held a hearing on January 28, 2008 with plaintiff and his counsel present and issued a decision on May 30, 2008, concluding that claimant was not disabled. Once approved by the Appeals Council, the ALJ's decision became the final decision of the Commissioner. Plaintiff thereafter filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner.

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's findings, and (2) whether the findings were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (1996) (citing *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'"

2

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); it is "more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F. 2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (citation omitted).

"From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

DISCUSSION

A.   *The ALJ's Findings*

In his decision of May 30, 2008, the ALJ made the following findings. The ALJ followed the Commissioner's five-step sequential evaluation process (*see* 20 C.F.R. § 404.1520) and concluded that Plaintiff's impairments were not disabling. First, he found that Plaintiff had not performed substantial gainful activity since the alleged onset date of disability, and that he had severe impairments that did not meet or equal a listed impairment so as to be presumptively disabling. Next, the ALJ found that Plaintiff's subjective

3

complaints of disabling limitations were not fully credible and determined that he had the residual functional capacity to perform light work that was entry level and consisted of simple, repetitive tasks; did not require close interaction with co-workers or working with the public; and would not expose the individual to hazards such as heights and dangerous machinery. The ALJ then found that Plaintiff's residual functional capacity would preclude his past relevant work. Finally, the ALJ determined, based on the vocational expert's testimony, that Plaintiff could perform the jobs of small parts assembler, electrical assembler, sedentary assembler, and bench hand worker. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

Essentially, ALJ found that although he could not perform his past relevant work, the plaintiff retained the residual functional capacity (RFC) to perform a restricted range of light work and was not disabled.

B.  *Arguments of the Plaintiff and Commissioner; and the Magistrate Judge's Recommendations*

As the Magistrate Judge notes, it is unclear from the plaintiff's filings exactly what he considers as error on behalf of the ALJ. Therefore, the Magistrate Judge has reviewed the entire record to determine whether the Commissioner's decision is supported by substantial evidence and is legally correct under controlling laws. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

In the handwritten objections to the Report, plaintiff appears to assert the same arguments made in his complaint and earlier briefs, with the addition of copies of various magazine and newspaper articles dealing with ADHD. As such, the court must overrule the plaintiff's objections.

The Magistrate Judge opines that there is substantial evidence that supports the Commissioner's decision that plaintiff was not disabled within the meaning of the Act. If the record contains substantial evidence to support the decision, then this Court is required to uphold the Commissioner's decision.

As to the additional 187 pages of evidence the plaintiff submitted to the court, this court may not consider newly submitted evidence that was never before the Commissioner in determining whether the Commissioner's decision was supported by substantial evidence. Even though Section 405(g) of the Act provides that remand be appropriate in limited circumstances, this court does not find the new evidence to be material and good cause is lacking to incorporate the evidence into the record. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991); *Borders v. Heckler*, 777 F.2d 954 (4th Cir. 1985).

CONCLUSION

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the objections thereto, the court finds the Report provides an accurate summary of the facts in the instant case and that the conclusions are proper. The Magistrate Judge's findings are hereby specifically incorporated herein by reference.

Accordingly, the Commissioner's decision is hereby affirmed.

IT IS SO ORDERED.

January 26, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge